**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| Kimberlee Warren, | Case No.: |
| Plaintiff, | **COMPLAINT** |
| v. | **JURY TRIAL REQUESTED** |
| Fraternal Order of Police Ohio Labor Council, Inc., | |
| Defendants. | |

## INTRODUCTION

1. On June 27, 2018, the Supreme Court held that public employees have a First Amendment right not to subsidize a union and its speech. *Janus v. AFSCME, Council 31*, 138 S. Ct. 2448, 2486 (2018). The Court further held that the government and unions must obtain an employee's affirmative consent before deducting and collecting union dues or fees from an employee's wages. *Id.* Despite *Janus*, Defendant Fraternal Order of Police, Ohio Labor Council, Inc. (FOP) and the Cuyahoga County Court of Common Pleas (County) deducted union dues or fees from Plaintiff Kimberlee Warren's wages without her affirmative consent. FOP's illegal dues exactions violated Ms. Warren's First Amendment right to not financially support FOP and its speech. For this violation, Ms. Warren seeks declaratory and monetary relief, including, but not limited to, punitive damages for FOP's reckless and callous disregard for Ms. Warren's federally protected rights.

1

## PARTIES

2. Plaintiff Kimberlee Warren resides in Summit County, Ohio.

3. Defendant FOP is a labor union with a main office located at 222 E. Town St., Columbus, Ohio that represents public-employees in Cuyahoga County, Ohio.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. § 1331, because it arises under the United States Constitution, and under 28 U.S.C. § 1343, because Plaintiff seeks relief under 42 U.S.C. § 1983. This Court has the authority under 28 U.S.C. §§ 2201 and 2202 to grant declaratory and other relief.

5. Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred within this judicial district and FOP does business within this judicial district. Assignment to the Eastern Division of this Court is appropriate because the cause of action arose within its jurisdiction and the FOP does business in this division.

## FACTS

### FOP's Dues Exactions

6. Ms. Warren is a probation officer who has been employed by the County since 1990. Ms. Warren has been employed by the County in a bargaining unit exclusively represented by FOP since 2013.

7. On information and belief, Ms. Warren has never been a FOP member nor has she ever signed a dues deduction authorization consenting to the collection of union dues or fees from her wages.

2

8. From 2017 to 2020, FOP and the County were parties to a collective bargaining agreement requiring nonunion members, like Ms. Warren, to pay money to FOP as a condition of continued employment with the County. *See* Ex. A, pp. 6–7.

9. Pursuant to the 2017-2020 CBA, through State action and under color of law, the County and FOP seized union dues or fees from Ms. Warren's wages.

10. On June 27, 2018, the Supreme Court in *Janus* held that public employees have a First Amendment right not to subsidize a union and its speech. 138 S. Ct. at 2486. The Court further held that the government and unions must obtain an employee's affirmative consent before deducting and collecting union dues or fees from an employee's wages. *Id.*

11. Despite the Supreme Court's decision in *Janus*, the County continued to deduct, and through the County's actions the FOP continued to collect, union dues or fees from Ms. Warren's wages after June 27, 2018.

12. In November 2020, Ms. Warren discovered that she no longer was required to pay union dues or fees to FOP as a condition of employment.

13. On or about November 16, 2020, Ms. Warren requested the County stop deducting union dues or fees from her wages and requested reimbursement for the money illegally seized from her since August 2018.

14. On or about December 7, 2020, Ms. Warren notified FOP that she was never a FOP member and that she had never signed a union card. *See* Ex. B. This communication included an internal email between County employees:

> As background, we had two deduction rates for union dues prior to the

> Janus Act – member and fair share. When the fair share rate was eliminated because of the Act, all our deduction rates were converted to one rate. I don't have any communication on what the Union reps advised staff to do if they no longer wanted dues deducted but when someone asks how to stop the dues, I just advise them to send an email and we will stop the deduction. I also don't have any other formal communication on a procedure at that point.
>
> Kimberlee Warren is one of the people who was paying a fair share and the rate was converted. *Deductions did not stop for fair share payers unless they requested it.* Kimberlee has been paying the dues since the Janus Act went into effect but is now being told that she can't vote because she is not a member.
>
> I suggest that the FOP reimburses her the deductions they kept even though she was not a member. Can Mr. Aliff facilitate the reimbursement from August 2018 until November 2020?

*Id.* (emphasis added).

15. Also on or about December 7, 2020, FOP notified Ms. Warren that it would stop treating her as a union member. *See* Ex. C.

16. On information and belief, FOP and the County stopped taking union dues or fees from Ms. Warren's wages in December 2020.

**FOP refuses to reimburse Ms. Warren
for union dues exacted from her wages.**

17. On or about February 8, 2021, the County again notified FOP that union dues or fees had been taken from Ms. Warren in error by the County and remitted to FOP, and that she should be reimbursed for these monetary exactions. *See* Ex. D.

18. On or about February 19, 2021, FOP responded to the County's request and refused to reimburse Ms. Warren for the union dues or fees it had exacted. *See* Ex. E.

19. On May 24, 2021, Ms. Warren sent, by certified mail, a letter requesting that FOP provide her with any dues deduction authorization that she might have signed.

4

*See* Ex. F.

20. In response, on June 10, 2021, FOP sent a letter to Ms. Warren stating, in part, that:

> Prior to May 2019, a fair share fee was deducted from your paycheck which did not require a signed authorization. In May 2019, the Employer converted you to a membership dues deduction. Despite the fact that the dues deductions were clearly reflected on your check stubs, you did not request to stop membership dues until December 2020.

Ex. G.

## CAUSE OF ACTION

### (First Amendment Compelled Speech Violation)

21. Plaintiff realleges and incorporates by reference the paragraphs set forth above.

22. FOP acted jointly with the County and under color of state law by maintaining and enforcing the terms of their 2017-2020 CBA, by deducting and causing the deduction of union dues or fees from Ms. Warren's wages, and by collecting union dues or fees deducted from Ms. Warren's wages.

23. In *Janus*, the Supreme Court held it violates the First Amendment for the government to deduct and for unions to collect union dues or fees from public employees' wages unless there is clear and compelling evidence that the employee affirmatively consented to pay those dues or fees. 138 S. Ct. at 2486.

24. Ms. Warren never affirmatively consented to pay dues or fees to FOP.

25. FOP, in concert with the County, violated Ms. Warren's First Amendment rights to free speech and association, as secured against state infringement by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983 by

5

collecting and retaining money from her wages without her affirmative consent through State action and under color of law.

26. In violating Ms. Warren's First Amendment rights, FOP, in concert with the County, acted with reckless and callous indifference to her federally protected rights by refusing to reimburse her after FOP was notified that it had illegally exacted union dues or fees from her wages without her affirmative consent.

## PRAYER FOR RELIEF

As remedies for the violation of Ms. Warren's First Amendment rights, she requests that this Court:

A. Issue a declaratory judgment that the FOP violated the First Amendment, as secured against state infringement by the Fourteenth Amendment and 42 U.S.C. § 1983, by extracting, in concert with the County, union dues or fees from Ms. Warren without her affirmative consent;

B. Award compensatory damages or restitution to Ms. Warren, with interest;

C. Award punitive damages for FOP's reckless and callous disregard for Ms. Warren's federally protected rights.

D. Award Ms. Warren her costs and reasonable attorneys' fees under the Civil Rights Attorneys' Fees Award Act of 1976, 42 U.S.C. § 1988; and

E. Grant other and additional relief, including nominal damages, as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury for all issues so triable.

Date: August 25, 2021

/s/ Jay R. Carson
Jay R. Carson (OH 0068526)
WEGMAN HESSLER
6055 Rockside Woods Blvd., Ste. 200
Cleveland, Ohio 44131
(216) 570-0256
jrcarson@wegmanlaw.com

and

Robert Alt (OH 0091753)
THE BUCKEYE INSTIUTE
88 East Broad St. Ste. 1300
Columbus, Ohio 43215
(614) 430-7457
robert@buckeyeinstitute.org

and

Frank D. Garrison
(Pro Hac Vice Motion to be filed)
National Right to Work Legal Defense
 Foundation
8001 Braddock Road, Suite 600
Springfield, VA 22160
Tel: (703) 321-8510
Fax: (703) 321-9319
fdg@nrtw.org

*Attorneys for Plaintiff Kimberlee Warren*